Craig B. Sanders, Esq. (Cal Bar 284397)
Jacqueline Mandel, Esq. (Cal Bar 317119)
SANDERS LAW GROUP
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Fax: (516) 282-7878
Email: csanders@sanderslaw.group
Email: jmandel@sanderslaw.group
File No.: 126858

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Reed Timmer,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Piolin Productions, Inc.,<br><br>　　　　　　Defendant. | Case No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Reed Timmer ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against Defendant Piolin Productions, Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under

the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff created a video of a tornado moving through a residential area in Andover, Kansas with debris swirling in the air around it ("Video 1") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Plaintiff further created a video of Hurricane Ian hitting the Florida coast ("Video 2") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

4. Defendant is a media company which owns and operates a social media account on Instagram under the name @elshowdepiolin ("*Account*").

5. Defendant also owns and operates a social media account on Twitter under the name @ElshowdePiolin ("*Account 2*").

6. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed extended segments of Video 1 and the Video 2 (hereinafter the "*Videos*") on the Account and the Account 2 (hereinafter the "*Accounts*") and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

7. Plaintiff Reed Timmer is an individual who is a citizen of the State of Colorado and resides in Jefferson County, Colorado.

8. Upon information and belief, Defendant Piolin Productions, Inc. is a California corporation with a principle place of business at 5700 Wilshire Boulevard, Suite 250 in Los Angeles, California.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10. This Court has personal jurisdiction over Defendant because it is incorporated in California.

11. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.    Plaintiff's Copyright Ownership**

12. Plaintiff is a professional video journalist by trade who is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

13. Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

14. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

15. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

16. On April 29, 2022, Plaintiff authored Video 1. A copy of the Video 1 is attached collectively hereto in <u>Exhibit 1</u>.

17. On June 3, 2022, Video 1 was registered by the USCO under Registration No. PA 2-360-287.

18. On September 28, 2022, Plaintiff authored Video 2. A copy of Video 2 is attached collectively hereto in <u>Exhibit 1</u>.

19. On November 29, 2022, Video 2 was registered by the USCO under Registration No. PA 2-388-966.

20. Plaintiff created the Videos with the intention of their being used commercially and for the purpose of display and/or public distribution.

**B.     Defendant's Infringing Activity**

21. The Accounts are each a part of and used to advance Defendant's commercial enterprise.

22. Defendant has exclusive access to post content on the Accounts.

23. The Accounts are monetized in that they each advertise Defendant's radio show and, upon information and belief, Defendant profits from these activities.

24. On or about May 1, 2022, Defendant displayed an extended segment of Video 1 on the Account as part of a post at URL:

https://www.instagram.com/p/CdCXifUt8QF/ ("Infringement 1"). A copy of a screengrab of the Account including the Video 1 segment is attached collectively hereto in Exhibit 2.

25. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed an extended segment of Plaintiff's copyright protected Video 1 on the Account ("*Infringement 1*").

26. Plaintiff first observed and actually discovered Infringement 1 on July 30, 2022.

27. On or about May 1, 2022, Defendant further displayed an extended segment of Video 1 on Account 2 as part of a post at URL: https://twitter.com/ElshowdePiolin/status/1520936945672757249 ("*Infringement 2*"). A copy of a screengrab of Account 2 including the Video 1 segment is attached collectively hereto in Exhibit 2.

28. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed an extended segment of Plaintiff's copyright protected Video 1 on Account 2.

29. Plaintiff first observed and actually discovered Infringement 2 on July 30, 2022.

30. On or about September 28, 2022, Defendant displayed an extended segment of Video 2 on the Account as part of a post at URL:

https://www.instagram.com/p/CjEJJEZP1e6/ ("*Infringement 3*"). A copy of a screengrab of the Account including Video 2 segment is attached collectively hereto in Exhibit 2.

31. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed an extended segment of Plaintiff's copyright protected Video 2 on the Account.

32. Plaintiff first observed and actually discovered Infringement 3 on March 14, 2022.

33. On or about September 28, 2022, Defendant further displayed an extended segment of Video 2 on the Account 2 as part of a post at URL: https://twitter.com/ElshowdePiolin/status/1575229593602387968 ("*Infringement 4*"). A copy of a screengrab of Account 2 including the Video 2 segment is attached collectively hereto in Exhibit 2.

34. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed an extended segment of Plaintiff's copyright protected Video 2 on Account 2.

35. Plaintiff first observed and actually discovered Infringement 4 on March 14, 2022.

36. Upon information and belief, the extended segments of the Videos were copied and displayed by Defendant without license or permission, thereby infringing

on Plaintiff's copyrights in and to the Videos (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringements*").

37. The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5).*

38. Infringements 1 and 2 are exact copies of approximately 1 minute of footage from Plaintiff's original Video 1 that were directly copied and displayed by Defendant on the Accounts.

39. Infringements 3 and 4 are exact copies of 37 seconds of footage from Plaintiff's original Video 2 that were directly copied and displayed by Defendant on the Accounts.

40. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Accounts, including, but not limited to, copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Videos.

41. Upon information and belief, the Videos segments were willfully and volitionally posted to the Accounts by Defendant.

42. On information and belief, the Infringement was not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

43. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

44. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

45. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Accounts and exercised and/or had the right and ability to exercise such right.

46. Upon information and belief, Defendant monitors the content on its Accounts.

47. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

48. Upon information and belief, the Infringements increased traffic to the Accounts and, in turn, caused Defendant to realize an increase in its advertising revenues and number of listeners to its show.

49. Upon information and belief, a large number of people have viewed the unlawful copies of the Videos on the Accounts.

50. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

51. Defendant's use of the Videos, if widespread, would harm Plaintiff's potential market for the Videos.

52. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT

### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

53. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

54. The Videos are original, creative works in which Plaintiff owns a valid copyright.

55. The Videos are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

56. Plaintiff has not granted Defendant a license or the right to use the Videos in any manner, nor has Plaintiff assigned any of its exclusive rights in their copyright to Defendant.

57. Without permission or authorization from Plaintiff, and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and

illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

58. Defendant's reproduction of the Videos and display of the Videos constitutes willful copyright infringement.

59. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Videos in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, an extended segment from Plaintiff's original and unique Videos without Plaintiff's consent or authority, by using it on the Account.

60. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the infringements pursuant to 17 U.S.C. § 504(c).

61. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

62. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

63. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Videos in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed upon Plaintiff's copyright interest in and to the Videos by copying and displaying them without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the infringements pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant

from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: June 9, 2023

**SANDERS LAW GROUP**

By: ___/s/ Jacqueline Mandel___
Craig B. Sanders, Esq. (Cal Bar 284397)
Jacqueline Mandel, Esq. (Cal Bar 317119)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Fax: (516) 282-7878
Email: csanders@sanderslaw.group
Email: jmandel@sanderslaw.group
File No.: 126858

*Attorneys for Plaintiff*