1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

11 | REED TIMMER

12 |      Plaintiff(s),

13 |         v.

14 | PIOLIN PRODUCTIONS, INC.

15 |      Defendant(s).

Case No.  2:23–cv–04545–SPG–BFM

**STANDING ORDER
REGARDING NEWLY
ASSIGNED CIVIL CASES**

16

17

18

19

20

**READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE**

**AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

21

22     This case has been assigned to United States District Judge Sherilyn Peace

23 Garnett.[1]  Both the Court and all counsel bear responsibility for the progress of

24 litigation in this Court. "Counsel," as used in this Order, includes attorneys and

25 parties who have elected to appear without an attorney and are representing

26 themselves in this civil litigation (hereinafter referred to as "Pro Se Litigants").

27 _____

28 [1]   Judge Garnett periodically updates this Order so make sure you are reviewing
the latest copy of the Order.

1  To secure the just, speedy, and inexpensive determination of every action, all

2  counsel are ordered to comply with this Order, the Federal Rules of Civil

3  Procedure, and the Local Rules of the Central District of California. *See* Local

4  Rules 1-3 and 83-2.2.3.

5  **UNLESS OTHERWISE ORDERED BY THE COURT, THE FOLLOWING**

6  **RULES SHALL APPLY:**

7  **A.    GENERAL REQUIREMENTS**

8        **1.    Service of Order.**  Counsel for the plaintiff must immediately serve

9  this Order on all parties, including any new parties to the action. If this case was

10  removed from state court, the defendant that removed the case must serve this

11  Order on all other parties.

12        **2.    Pro Se Litigants.**  Only individuals may represent themselves. A

13  corporation or other entity must be represented by counsel. If counsel seeks to

14  withdraw, counsel must advise the entity of the dire consequences of failing to

15  obtain substitute counsel before seeking withdrawal–i.e., a plaintiff entity's

16  case will be dismissed or a defendant entity will default. *See* Local Rule 83-2.3.4.

17  The following links may be helpful to Pro Se Litigants: (a) General information

18  on how parties may represent themselves in civil cases in the Central District of

19  California can be found at https://www.prose.cacd.uscourts.gov/; (b) Local Civil

20  Rules for the Central District of California can be found at

21  https://www.cacd.uscourts.gov/court-procedures/local-rules; (c) Federal Rules of

22  Civil Procedure can be found at https://www.law.cornell.edu/rules/frcp.

23        **3.    Presence of Lead Trial Counsel.**  Lead trial counsel shall attend all

24  proceedings set by this Court, including scheduling, settlement, and pretrial

25  conferences, as well as trials. Lead trial counsel must be prepared to address and

26  resolve all matters within the scope of the proceeding. Only one attorney for a

27  party may be designated as lead trial counsel unless otherwise permitted by the

28  Court. If a second lead trial counsel is permitted by the Court, both counsels must

1  attend the pretrial conference. To provide more experience to the next generation
2  of practitioners, the Court encourages lead trial counsel to permit junior counsel
3  to fully participate in Court proceedings, including to argue motions and to
4  examine witnesses at trial.

5       **4.**    **Counsel Calendar Conflicts.**  If any counsel discovers a calendar
6  conflict with a scheduled appearance, counsel must inform opposing counsel and
7  the Court's courtroom deputy (CRD) via Chambers email at
8  SPG_chambers@cacd.uscourts.gov as soon as possible and not later than three
9  days before the scheduled appearance. Counsel should attempt to agree on a new
10  date to accommodate the calendar conflict. Counsel must propose a new date by
11  Stipulation and Proposed Order. A "Notice of Unavailability" has no legal effect
12  and should not be filed. The Court expects that counsel will conduct themselves
13  professionally and will not deliberately schedule any proceeding when counsel are
14  unavailable.

15       **5.**    **Communications with Chambers.**  Neither counsel nor a party
16  shall initiate contact with the Court or its Chambers staff by telephone, or by any
17  other improper ex parte means. Counsel may contact the CRD with appropriate
18  inquiries. Contacting the CRD to inquire about the status of a ruling or to continue
19  a proceeding is not appropriate. The preferred method of communication with the
20  CRD is by email at SPG_chambers@cacd.uscourts.gov. **Counsel must copy all**
21  **parties on any such email**. To facilitate communication with the CRD, counsel
22  should list their email addresses along with their telephone numbers on all papers.

23       **6.**    **Civility.**  All counsel who appear in this action must immediately
24  review and comply with the Civility and Professionalism Guidelines, which can
25  be found on the Court's website at https://www.cacd.uscourts.gov/attorneys/
26  admissions/civility-and-professionalismguidelines. The Court expects everyone in
27  the courtroom to treat each other with dignity and respect. At a minimum, the
28  Court expects the following from counsel: (1) Being punctual and prepared for all

court appearance; (2) being civil and respectful in all oral and written communications with the Court and other parties; (3) being civil and respectful to court personnel, including the Court Room Deputy (CRD), court reporters, law clerks, and marshals; (4) refraining from interrupting any person in the courtroom when that person is speaking; (5) refraining from making gestures, facial expressions, or audible comments indicating approval or disapproval of testimony or argument; and (6) being considerate of the time constraints and pressures on the Court and court staff inherent in their efforts to administer justice.

**B.    PLEADINGS REQUIREMENTS**

**1.    Service of the Complaint.** The Plaintiff(s) shall promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Fed R. Civ. P. 4(l). Any Defendant(s), including "DOE" or fictitiously-named Defendant(s), not served within 90 days after the case is filed shall be dismissed pursuant to Fed. R. Civ. P. 4(m) and by operation of this Order without further notice, unless plaintiff requests and justifies the need for additional time in the joint report and the Court grants an extension.

**2.    Removed Actions.** Any Answers filed in state court must be refiled in this Court as a supplement to the Notice of Removal. Any pending motions must be re-noticed in accordance with Local Rule 7. If an action removed to this Court contains a form pleading, i.e., a pleading in which boxes are checked, the party or parties that filed the form pleading must file in this Court within thirty (30) days of receipt of the Notice of Removal a revised pleading that complies with Fed. R. Civ. P. 7, 7.1, 8, 9, 10 and 11. An amended complaint filed within 30 days after removal to replace a form complaint pursuant to this instruction shall be deemed an amended complaint with "the court's leave" pursuant to Fed. R. Civ. P. 15(a)(2).

**3.    Status of Fictitiously Named Defendants.**

(a).    Plaintiff must identify and serve any fictitiously named or "Doe" defendant(s) before the deadline set forth in the Court's Order Setting Scheduling

1    Conference.

2          (b).    Before moving to substitute a defendant for a Doe defendant,

3    plaintiff must seek the consent of counsel for all defendants, including counsel for

4    a represented Doe defendant. If denied consent, plaintiff must file a regularly

5    noticed motion. In diversity cases, plaintiff's motion must address whether the

6    addition of the newly named party destroys diversity jurisdiction. *See* 28 U.S.C.

7    § 1447(c), (e).

8    **C.    FILING REQUIREMENTS**

9          **1.    Electronic Filing.**  Pursuant to Fed. R. Civ. P. 5(d)(3), Local Rule

10   5-4, and General Order 10-07, counsel shall electronically file ("e-file") all filings.

11   Items that do not require the Court's signature shall be e-filed in pdf format.

12   Proposed orders shall be e-filed in pdf format as an attachment to the main

13   documents. Pro Se Litigants may submit documents for filing through the Court's

14   Electronic Document Submission System (EDSS) instead of mailing or bringing

15   documents to the Clerk's Office. Only internet access and an email address are

16   required. Documents are submitted in PDF format through an online portal on the

17   Court's website. To access EDSS and for additional information, visit the Court's

18   website at https://apps.cacd.uscourts.gov/edss.

19         **2.    Documents with Declarations, Exhibits, and other Attachments.**

20   If a filed or lodged document has declarations, exhibits, or other attachments, each

21   attachment must be filed as a separately docketed attachment to the main docket

22   entry with a description of the attachment (e.g., Dkt. 29-1 Smith Declaration, 29-2

23   Ex. 1 - License Agreement, 29-3 Request for Judicial Notice). The Court may

24   strike or decline to consider motions, stipulations, or other documents with

25   attachments that are not filed in accordance with this Order.

26         **3.    Proposed Orders.**

27         **(a)    Proposed Orders Must be Lodged and Served**.  Each party

28   filing or opposing a motion or seeking the determination of any matter shall serve

Case 2:23-cv-04545-SPG-BFM   Document 10   Filed 06/14/23   Page 6 of 18   Page ID #:37

and lodge a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations.

**(b)** **Use Applicable Templates.** Use the "Proposed Order" or the "CMO Continuance Order" template–whichever is applicable–located on the Court's website under "Orders & Additional Documents" at the bottom of the webpage. Failure to do so may result in the striking of the request. Proposed orders must be on pleading paper. Proposed orders should NOT contain any of the following: (1) attorney names, addresses, etc. on the caption page; (2) a footer with the document name or other information; or (3) a watermark or designation of the firm name. Proposed orders should be formatted in the same fashion as motions. *See* infra paragraph G.4.

**(c)** **Email Proposed Orders to Chambers.** The Court enforces strict compliance with Local Rule 5-4.4.2, which instructs: "After a document requiring a judge's signature has been lodged in accordance with L.R. 5-4.4.1 . . . , a Microsoft Word copy of the proposed document, along with a PDF copy of the the electronically filed main document, shall be e-mailed to the assigned judge's generic chambers e-mail address using the CM/ECF System," namely, SPG_chambers@cacd.uscourts.gov. The Court will not consider a stipulation, ex parte application, or other request for relief until a compliant proposed order is received by email. If the proposed order is based on a stipulation or an ex parte application, counsel must email both the order and the stipulation or ex parte application. Otherwise, accompanying documents (such as motions) should not be emailed to Chambers.

**4.** **Mandatory Chambers Copies.**

**(a)** **Motions, Pleadings, and Trial Documents**. The parties must provide one (1) Mandatory Chambers Copy (a paper copy that is sent to Chambers upon electronic filing of the document) of the following documents: (i) Joint Rule 16(b)/26(f) Reports with Schedule of Pretrial and Trial Dates Worksheet; (ii)

1   motion papers (motions, oppositions, replies, non-oppositions, and any related

2   documents), including motions in limine; (iii) ex parte applications for temporary

3   restraining orders; and (iv) pretrial documents (memoranda of fact and law, joint

4   statement of the case, proposed voir dire, jury instructions, verdict forms, exhibit

5   lists, witness lists, etc).

6          **(b)    Delivery Location, Timeliness, and Form**.  All Mandatory

7   Chambers Copies must be delivered to Judge Garnett's chambers copy box, which

8   is located outside of the Clerk's Office on the fourth floor of the courthouse.

9   Mandatory Chambers Copies must be delivered no later than 12:00 p.m. (noon)

10  the following business day after the document is electronically filed, except TRO

11  applications, which must be delivered the same day they are filed. "Mandatory

12  chambers copies must be printed from CM/ECF, and must include: (1) the

13  CM/ECF-generated header (consisting of the case number, document control

14  number, date of filing, page number, etc.) at the top of each page; and (2) the

15  NEF [notice of electronic filing] (*see* L.R. 5-3.2.1) as the last page of the

16  document." Local Rule 5-4.5 (emphasis added). Mandatory Chambers Copies

17  need not be bluebacked. For security reasons, do not leave chambers copies in

18  envelopes or folders.

19         **(c)    Mandatory Chambers Copy Exhibits**.  All exhibits should be

20  separated by a tab divider on the right or bottom of the document. If the evidence

21  exceeds 50 pages, the Mandatory Chambers Copy must: (1) include a table of

22  contents; and (2) be in a tabbed binder with each exhibit separated by a tab divider

23  on the right or the bottom. All documents in the binder must be three-hole punched,

24  preferably with a larger hole size (13/32"), rather than the standard hole size

25  (9/32"), to facilitate ease of review. If the evidence exceeds 200 pages, the table of

26  contents and evidence must be placed in a Slant D-Ring binder. Binders should be

27  no larger than 4 inches. Binders must have both a cover sheet and a spine label that

28  includes the case name, case number, and a description of the contents.

**5.**      **Filings Under Seal.**

**(a)**      **Local Rule 79-5**.  Local Rule 79-5 governs applications to file under seal. Parties must comply with all sections of Local Rule 79-5. There is a "strong presumption of access to court records" in civil cases. *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1135 (9th Cir. 2003). For each document or other type of information a party seeks to file under seal, the party must identify and discuss the factual and/or legal justification that establishes "good cause" or "compelling reasons" for the document's protection. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

**(b)**      **Redacted Version and Unredacted Version**.  Documents that are not confidential or privileged in their entirety should not be filed under seal if the confidential portions can be redacted and filed separately with a reasonable amount of effort. The parties should file an unredacted version of the document under seal, and a redacted version for public viewing, omitting only the portions that the Court has ordered may be filed under seal.

**(c)**      **Justification**.  Sealing must be justified for each individual item; blanket claims of confidentiality will result in the application to seal being denied. Counsel is strongly encouraged to consider carefully whether sealing or redaction is required for a given piece of evidence or argument. An application to seal that includes clearly meritless requests to seal or redact documents may be denied in its entirety. The parties must also meet and confer before filing an application to seal.

**D.      CONSENT TO MAGISTRATE FOR ENTIRE CIVIL CASE**

The parties may consent to have a Magistrate Judge preside over the entire civil case, including trial, rather than just discovery. One benefit to giving such consent is that the parties almost always will be able to proceed to trial sooner than on a District Court Judge's calendar. Additionally, the parties are free to select from among all Magistrate Judges available for this purpose, not just the Magistrate Judge assigned to the parties' case. The Magistrate Judges have experience and

1  expertise in a variety of areas, including patent and trademark litigation. If the
2  parties agree to consent to proceed before a Magistrate Judge, the parties should
3  consult the Central District website for the list of available Magistrate Judges and
4  should submit the appropriate consent form.

5  **E.   DISCOVERY**

6      **1.   Magistrate Judge Referral for All Discovery Matters.**  All
7  discovery matters are referred to the assigned United States Magistrate Judge. The
8  Magistrate Judge's initials follow the Judge's initials next to the case number. All
9  documents relating to discovery matters must include the words "DISCOVERY
10  MATTER" in the caption to ensure proper routing. Counsel should not deliver
11  chambers copies of discovery matters. Counsel must follow the Magistrate Judge's
12  procedures for scheduling matters for hearing. These procedures are stated on each
13  Magistrate Judge's webpage.

14      **2.   Limited District Court Review of Discovery Matters.**  The decision
15  of the Magistrate Judge on all discovery matters shall be final, subject to limited
16  review requiring a showing that the decision is clearly erroneous or contrary to
17  law. *See* 28 U.S.C. § 636(b)(1)(A). Any motion for review of a Magistrate Judge's
18  decision must be noticed before the District Court Judge within fourteen (14) days
19  of service of the Magistrate Judge's written ruling, or within fourteen (14) days of
20  an oral ruling that the Magistrate Judge states will not be followed by a written
21  ruling. The motion must specify which portions of the ruling are clearly erroneous
22  or contrary to law, and the claim must be supported by points and authorities.
23  Counsel shall provide the Magistrate Judge chambers copies of the moving papers
24  and responses.

25      **3.   Timing of Discovery.**  Unless there is a likelihood that, upon motion
26  by a party, the court would order that discovery be stayed, the parties should begin
27  to propound discovery before the Scheduling Conference. The parties must comply
28  fully with the letter and spirit of Fed. R. Civ. P. 26(a) and produce discovery

promptly. At the Scheduling Conference, the court will impose firm deadlines governing the completion of discovery.

**4.      Discovery Protective Orders.**  Proposed protective orders for discovery must be submitted to the assigned Magistrate Judge. Such orders should not purport to allow, without further order of the Court, the filing under seal of pleadings or documents filed in connection with a dispositive motion, a class certification motion, or trial before the Court. The existence of a protective order does not alone justify the filing of pleadings or other documents under seal, in whole or in part.

## F.      SCHEDULING CONFERENCE

Pursuant to Fed. R. Civ. P.16(b), the Court will issue an Order Setting Scheduling Conference. The parties are required to strictly comply with Fed. R. Civ. P. 16 and 26, as well as this Court's Orders.

## G.      MOTIONS – GENERAL REQUIREMENTS APPLICABLE TO ALL MOTIONS

**1.      Local Rule 7-3 Pre-Filing Meet and Confer Requirement.**

**(a)    Scope**.  The Court strictly enforces Local Rule 7-3, which requires counsel to engage in a prefiling conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." This requirement applies in all cases, including those with Pro Se Litigants. This Court requires parties through Counsel to meet and confer about any potentially disputed matter (except those identified in Local Rules 7-3 and 16-12) before presenting it to the Court, including requests to continue any matter, applications to file under seal, and other filings seeking a court order. The purpose of meeting and conferring is to attempt to obviate the need for a motion and thus avoid unnecessary Court intervention. If the parties are unable to fully resolve the dispute, they shall attempt to narrow the scope of contested issues. Counsel must meet and confer in good faith.

1         **(b)   Method**.  Parties must meet and confer either by videoconference

2  or in person. Email correspondence is insufficient.

3         **(c)   Compliance Statement Required**.  The moving party must

4  include in the signed notice of motion a truthful representation of full compliance

5  with Local Rule 7-3, stating that the parties "thoroughly discussed the substance

6  and potential resolution of the filed motion [by videoconference or in person]."

7         **(d)   Non-Compliance**.  If an opposing party refuses to participate

8  in good faith, the moving party shall explain the refusal in detail. Failure by any

9  party to comply in good faith with the "meet and confer" requirement may result in

10  an order to show cause re: sanctions–including, as appropriate, striking or denying

11  the motion, deeming the motion unopposed, and/or awarding monetary sanctions.

12      **2.**   **Scheduling Motions Hearings.**  Motions must be filed in accordance

13  with Local Rules 6 and 7. Judge Garnett hears civil motions on Wednesdays

14  beginning at 1:30 p.m. It is not necessary to clear a hearing date with the CRD

15  before filing a motion. Immediately before filing the motion, parties must check

16  the closed motion dates column located on the right side of Judge Garnett's

17  Procedures and Schedules Page on the Court's website to make sure the hearing

18  date has not been closed. The closed date column is typically updated on a weekly

19  and sometimes daily basis. If a motion is noticed for a date that is not available,

20  the Court may strike or reset the motion.

21      **3.**   **Briefing Schedule.**  To allow Chambers enough time to prepare, the

22  parties must adhere to the briefing schedule set forth in Local Rule 7-9 and 7-10

23  for all motions, except Rule 56 motions. For Rule 56 motions, the parties should

24  review and comply with Judge Garnett's Standing Order Re: Motions for Summary

25  Judgment. When scheduling motion hearing dates, professional courtesy dictates

26  that the parties should accommodate each other's schedules, including vacation and

27  holiday schedules, whenever possible.

28  \\\

**4.      Length and Format of Motion Papers.**  Memoranda of points and authorities in support of or in opposition to motions shall not exceed twenty-five (25) pages. Replies shall not exceed fifteen (15) pages. Only rarely and for good cause shown will the Court grant an application to extend these page limitations. Pursuant to Local Rule 11-3.1.1, either a proportionally spaced or monospaced face may be used. Typeface shall comply with Local Rule 11-3.1.1. Times New Roman font must be no less than 14 point; Courier font must be no less than 12 point. Footnotes shall be in the same font and the same size as the body of the memorandum. Counsel shall adhere to Local Rule 5-4.3 with respect to the conversion of all documents to .pdf format so that when a document is electronically filed, it is in proper size and is .pdf searchable. Further, all documents shall be filed in a format so that text can be selected, copied, and pasted directly from the document. See Local Rule 5-4.3.1.

**5.      Citations to Authority.**  Statutes should be cited in accordance with the Bluebook. Citations that support a statement in the main text must be included in the main text, not in footnotes.

**(a)      Case citations**.  Case citations must identify both the case cited and the specific page referenced. Parties should not use string cites without a good reason. When using string cites, a party should include a parenthetical explanation for each cited case. When citing to legal databases (which is not encouraged), cite to Westlaw whenever possible.

**(b)      Statutory references**.  Statutory references should identify with specificity the sections and subsections referenced. Citations should be to the relevant official statutory code (e.g., the U.S. Code) and should not merely reference the popular name of an act.

**(c)      Citations to Other Sources**.  Citations to treatises, manuals, and other materials should include the volume, section, and relevant pages. Attach copies if these materials are not accessible on Westlaw, especially for historical

1  materials (e.g., older legislative history).

2  ## H.    MOTIONS – SPECIFIC REQUIREMENTS

3      **1.    Motions Pursuant to Federal Rule of Civil Procedure 12.**  Many

4  motions to dismiss or strike can be avoided if the parties confer in good faith as

5  required by Local Rule 7-3, especially for perceived defects in a complaint, answer,

6  or counterclaim that can be corrected by amendment. *See Polich v. Burlington*

7  *Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991) (noting that where a motion

8  to dismiss is granted, a district court should grant leave to amend unless it is clear

9  the complaint cannot be saved by amendment). Moreover, a party has the right to

10  amend the complaint "once as a matter of course at any time before a responsive

11  pleading is served." Fed. R. Civ. P. 15(a). Even after a complaint has been

12  amended or a responsive pleading has been served, the Federal Rules of Civil

13  Civil Procedure provide that leave to amend should be "freely given when justice

14  so requires." Fed. R. Civ. P. 15(a). Indeed, the Ninth Circuit requires that this

15  policy favoring amendment be applied with "extreme liberality." *Morongo Band*

16  *of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990). Consequently,

17  parties should carefully consider and weigh an opponent's contentions as to the

18  deficiencies in a pleading to determine if an amendment would cure the defects.

19  The moving party, in turn, should agree to any amendment that would cure the

20  defect.

21      **2.    Motions to Amend.**  In addition to the requirements of Local Rule

22  15-1, all motions to amend pleadings shall: (1) state the effect of the amendment;

23  (2) be serially numbered to differentiate the amendment from previous

24  amendments; and (3) state the page and line number(s) and wording of any

25  proposed change or addition of material. Counsel shall electronically file a

26  "Notice of Lodging" attaching the proposed amended pleading as a document

27  separate from the motion, as well as a "redlined" version of the proposed amended

28  pleading identifying all additions and deletions of material as an appendix to the

moving papers.

**3.    Motions and Stipulations to Continue.**  Continuances are granted only on a showing of good cause. Requests for continuances must be made *before* the date to be continued and by motion or stipulation, along with a proposed order. Motions and stipulations must be accompanied by a detailed declaration setting forth the specific reasons for the requested continuance. The declaration also should state whether there have been any previous requests for continuances; whether these requests were granted or denied by the Court; what efforts were made to meet the existing deadline; and what, if any, prejudice would result if the request is denied. Stipulations extending dates set by this Court are not effective unless approved by the Court. Continuances will not be granted routinely.

**4.    Motions In Limine.**  Motions in limine shall be noticed for hearing not later than four (4) weeks before the Final Pretrial Conference date.

**5.    Motions for Class Certification.**  If this action is a putative class action, the parties are to act diligently and begin discovery immediately, so that the motion for class certification can be filed expeditiously. This Court requires an extended briefing schedule for motions for class certification. Parties are advised to refer to the Court's Scheduling Order for additional guidance as to filing and timing of motions for class certification.

**6.    Motions Pursuant to Federal Rule of Civil Procedure 56 (Summary Judgment/Summary Adjudication Motions)**

For the requirements specific to Rule 56 motions, the parties shall refer to the Court's Standing Order Re: Motions for Summary Judgment located on the Court's website. The parties are expected to comply with all the Court's requirements.

**7.    Motions for Attorneys' Fees.**  Motions for attorneys' fees shall be electronically filed and set for hearing according to Local Rule 6-1 and this Order. Any motion or request for attorneys' fees shall attach two summaries, in table form, of the hours worked by and billing rate of each attorney with title (e.g.,

1   partner, counsel, associate, etc.). The first table shall include a summary of the

2   hours worked by each attorney, organized by task (e.g., discovery, motion to

3   dismiss, motion for summary judgment). The second table shall include a summary

4   of the hours worked by each attorney, organized by attorney. Both tables shall list

5   all the tasks on which the attorney worked, the hours worked on each task, and the

6   hourly rate of each attorney. If the hourly rate charged by any individual attorney

7   changed while the action was ongoing, the party shall provide separate calculations

8   for the total number of hours the attorney spent in connection with each task at

9   each hourly rate. All tables shall be attached to the motion and electronically filed.

10  The courtesy copies of the tables shall be prepared in Excel, have all restrictions

11  removed so the spreadsheets can be edited, and be emailed to the Court's chambers

12  email address at SPG_Chambers@cacd.uscourts.gov.

13      **8.     PLRA Exhaustion Motions.**  The issue of exhaustion under the

14  Prison Litigation Reform Act (PLRA) must be raised at the beginning of the

15  litigation. *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). A party seeking to

16  obtain a judicial determination of any material fact dispute precluding summary

17  judgment on the exhaustion issue must file before this Court a request for a hearing

18  within fourteen (14) days of the filing of the order denying summary judgment.

19  The failure to file a timely request may be construed as a waiver of the exhaustion

20  issue.

21  **I.     HEARINGS**

22      **1.     Oral Argument Time Limits.**  If oral argument is permitted, the

23  parties will have a ten (1) minutes each for oral argument, unless the Court

24  states otherwise. If the Court believes that the matter warrants less or more time,

25  it will advise counsel at the hearing.

26      **2.     Submission Without Oral Argument.**  Pursuant to Fed. R. Civ. P. 78

27  and Local Rule 7-15, the Court may deem a matter appropriate for decision without

28  oral argument. If the Court does so, it will notify the parties before the hearing.

**3.      Remote Appearances.**  Remote appearances are disfavored absent good cause shown in a declaration concurrently filed with the moving papers or the opposition.

**4.      Telephonic Hearings.**  The Court seldom permits telephonic appearances. The Court strongly prefers counsel to appear in person for motion hearings and pretrial and settlement conferences. If exceptional circumstances exist, counsel may file an application to appear telephonically detailing such circumstance.

**5.      Settlement.**  Counsel must notify the Court at least two weeks before the scheduled hearing if the parties are conducting settlement discussions that may render the motion moot and must notify the Court immediately if a settlement is reached. A belated notice of settlement wastes scarce judicial resources.

**J.      EX PARTE APPLICATIONS (INCLUDING TEMPORARY RESTRAINING ORDERS AND APPLICATIONS FOR INJUNCTIVE RELIEF).**

The Court considers ex parte applications on the papers and does not usually set these matters for hearing. If a hearing is necessary, the parties will be notified. Ex parte applications are solely for extraordinary relief and should be used with discretion. *See Mission Power Engineering Co. v. Continental Casualty Co.,* 883 F. Supp. 488 (C.D. Cal. 1995). Any party seeking ex parte relief, including temporary restraining order and preliminary injunctions under Fed. R. Civ. P. 65, must comply with Local Rule 7-19 (and Local Rule 65 for temporary restraining orders and preliminary injunctions). The moving party must also serve the opposing party by email, fax, or personal service, and notify that party that opposing papers must be filed not later than forty−eight (48) hours following service or by 3:00 p.m. on the first court day after the service, whichever is later. The opposing party should advise the CRD as soon as possible whether it intends to oppose the ex parte

application. The application will not be considered until a Mandatory Chambers Copy has been provided. The parties must provide chambers copies of TRO-related documents on the same day they are filed. The court generally will not rule on any application for such relief for at least forty-eight (48) hours (or two court days) after the party subject to the requested order has been served unless service is excused or unless the interests of justice so require. The parties should not assume that an unopposed ex parte application will be granted; and a last-minute application (or stipulation) that is denied will not serve to relieve a party of an underlying obligation (e.g., a soon-to-expire deadline).

## K.     OTHER MATTERS

### 1.     Class Actions.

If this action is a putative class action, the parties are to act diligently and begin discovery immediately so that the motion for class certification can be filed expeditiously. A motion for class certification must be filed not later than 120 days from the date initially set for the scheduling conference, unless the Court orders otherwise.

### 2.     ERISA Cases (Benefits Claims).

The Court will hear motions to determine the standard of review, whether discovery will be permitted, and the scope of the administrative record. Counsel are discouraged from filing motions for summary judgment or partial summary judgment on any other issue. If they choose to do so, they must distinguish *Kearney v. Standard Insurance Co*., 175 F.3d 1084, 1093-95 (9th Cir. 1999) (en banc) in the moving papers and explain why summary judgment is not precluded. The parties may receive a scheduling conference order as a matter of course. Because the ordinary pretrial and trial schedule does not apply to these ERISA cases, the parties need only submit a joint status report identifying any special issues that should be considered. The parties should proceed with the preparation of the administrative record and briefing without delay upon service of the complaint. A court trial,

ordinarily limited to oral argument on the administrative record, will be scheduled within six (6) months from the filing of the original complaint, unless good cause for additional time is shown in the status report. If the Court concludes that the decision would not benefit from oral argument, the matter may be submitted for decision on the papers.

> **3.    Bankruptcy Appeals.**

Counsel must comply with the Notice Regarding Appeal from Bankruptcy Court issued at the time the appeal is filed in the district court. The matter is deemed under submission on the filing of the appellant's reply brief. The Court considers bankruptcy appeals on the papers and usually does not set these matters for hearing.

## L.    <u>CONSEQUENCES FOR NONCOMPLIANCE WITH THIS ORDER</u>

If, without satisfactory explanation, counsel fail to file the required Joint Rule 26(f) Report or the required pretrial documents, fail to appear at any scheduled proceeding, or otherwise fail to comply with the Court's Orders or rules, the Court shall take any action it deems appropriate, including: (i) dismissal of the case for failure to prosecute, if the failure occurs on the part of the plaintiff; (ii) striking the answer resulting in default if such failure occurs on the part of the defendant; and/or (iii) imposing monetary sanctions against the offending party and counsel.

IT SO ORDERED

Dated:  June 14, 2023

_____
HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE